## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| KAREN P. SHACKELFORD, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 5:08-cv-00634-CLS |
| | ) | |
| MICHAEL  J.  ASTRUE, | ) | |
| Commissioner,  Social  Security | ) | |
| Administration, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant Karen P. Shackelford commenced this action on April 10, 2008,

pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of

the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"),

and thereby denying her claim for a period of disability, disability insurance, and

supplemental security income benefits.  For the reasons stated herein, the court finds

that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is

a narrow one.  The scope of review is limited to determining whether there is

substantial evidence in the record as a whole to support the findings of the

Commissioner, and whether correct legal standards were applied.  *See Lamb v.*

*Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Briefs are not required in social security appeal cases,[1] and claimant did not file a supporting brief.[2]  Nevertheless, this court has carefully reviewed the entire record in reaching its determination of the merits of claimant's appeal.

The ALJ found that claimant suffered from the severe impairment of lupus, but that, in consideration of the evidence of record, claimant "does not have an impairment or combination of impairments that meets or medically exceeds one of the listed impairments in 20 C.F.R. Part 404, Subpart P. Appendix I."[3]  Also, the ALJ determined that claimant engaged in substantial gainful activity after the alleged onset date of her disability, and that claimant was capable of performing her past relevant work as an accounting clerk.[4]  These conclusions are supported by substantial evidence, including several medical source opinions.  The ALJ also applied correct legal standards in this case.

The ALJ stated that the he afforded "little weight" to the opinions of Dr. Aggarwal and Dr. Nadella, claimant's treating physicians,[5] because their findings

---

[1]*See* doc. no. 7 ("Notice to Parties").

[2]Pursuant to the briefing schedule applicable to this appeal, claimant's brief was due by Monday, August 11, 2008.  *See id.*

[3]Tr. at 21.

[4]*Id.* at 21, 25.

[5]"A treating physician is a doctor to whom the claimant has been going for treatment on a continuing basis." 20 C.F.R. § 220.46(d).  By this definition, Dr. Aggarwal and Dr. Nadella are both claimant's treating physicians.  *Id.* ("The claimant may have more than one treating physician.").

were not based on objective medical evidence, were inconsistent with those physicians' own records, and were inconsistent with the other medical evidence and opinions before the ALJ.[6]  It is well-settled that a treating physician's opinion must be given "substantial or considerable weight unless 'good cause' is shown to the contrary."  *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted).   The ALJ found and articulated "good cause" for giving the opinions of Dr. Aggarwal and Dr. Nadella less than "substantial weight."  *Phillips*, 375 F.3d at 1240-41.

Moreover, the ALJ rejected  —  in conformity with the applicable legal standard — claimant's subjective testimony as to pain.  To demonstrate that pain renders an individual disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'"  *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons."  *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th

---

[6]Tr. at 24-25.

Cir. 1986)).   The ALJ found that the medical evidence of record contradicted claimant's testimony as to the severity of her alleged pain, noting that "[t]he claimant's allegations of pain are so extreme as to appear implausible."[7]   To support this conclusion, the ALJ referenced several medical source opinions and evidence of normal functional testing which flatly contradict, in the ALJ's view, claimant's argument that the effects of lupus are so severe such that it could be expected to cause the alleged pain.[8]

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED.   Costs are taxed against claimant.   The Clerk is directed to close this file.

DONE this 31st day of October, 2008.

_____
United States District Judge

---

[7]*Id*. at 24.

[8]*Id*. at 23-25.